Filing # 89984910 E-Filed 05/22/2019 05:30:41 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL
CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

JAMIE BLACKMAN, an individual,

Plaintiff,

v. Case No.:

THE PAVILION AT HEALTHPARK, LLC,
a Florida limited liability company, d/b/a
PARK ROYAL HOSPITAL,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JAMIE BLACKMAN ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, THE PAVILION AT HEALTHPARK, LLC, d/b/a PARK ROYAL HOSPITAL ("Defendant"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit against Defendant after being subjected to adverse employment actions by Defendant, in violation of the Florida Civil Rights Act of 1992, Florida Statute §760 *et seq.* ("FCRA").

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

2. On or around February 25, 2018, Plaintiff timely filed a Charge of Discrimination for discrimination based on disability and for retaliation based on his complaints of the discrimination, with the Florida Commission on Human Relations ("FCHR").

3. More than 180 days elapsed since the filing of the Charge.

4. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## JURISDICTION, VENUE, AND PARTIES

5. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees.

6. The unlawful practices alleged herein were committed within Lee County, Florida.

7. At all times pertinent, Plaintiff was a citizen and resident of Lee County, Florida.

8. At all times pertinent, Defendant was and remains a Florida limited liability company doing business in Lee County, Florida.

9. Venue is proper in Lee County, Florida because all causes of action set forth herein accrued in Lee County, Florida.

## GENERAL ALLEGATIONS

10. For approximately nine (9) years, Defendant employed Plaintiff as a charge nurse.

11. At all times, Plaintiff was well qualified for his position, could perform all of the essential functions of his job with or without reasonable accommodation, and performed his job duties in a satisfactory manner.

12. At all times during the employment, Plaintiff suffered from a severe hearing impairment, substantially limiting Plaintiff's ability to hear.

13. At all times material, Defendant acted by and through its agents, servants, work-persons, and employees, acting in the course and scope of their employment and authority and in furtherance of the business of Defendant.

14. As set forth in more detail below, during Plaintiff's final months of employment with Defendant, he was subjected to discriminatory and hostile treatment due to his disabilities and handicaps. Plaintiff was ultimately terminated on February 16, 2018, in retaliation for asserting his rights and raising good faith objections to management regarding the wrongful discriminatory treatment he experienced.

15. On or about December 30, 2017, Plaintiff suffered a serious back injury on the job while aiding another nurse, lifting a patient off the floor. The injury substantially limited his ability to lift, bend, crouch, and engage in physical work. Plaintiff immediately notified his superiors of the work injury and treated with Defendant's workers' compensation physician, who placed him on light duty. Plaintiff promptly informed Defendant that he would require a reasonable accommodation due to the work injury. Plaintiff could continue working, subject to certain restrictions and limitations, one of which was that he could not have any physical contact with patients, beyond light duty.

16. Shortly thereafter, on or about February 13, 2018, despite Plaintiff's disabilities and handicaps (i.e., hearing loss and back injury), Defendant reassigned Plaintiff to a different unit, which required physical contact with patients (beyond light duty) and also required frequent telephone communications. This assignment violated Plaintiff's light duty work restrictions, and Plaintiff's hearing loss also would have prevented Plaintiff from being able to use the telephone as required. Plaintiff immediately requested that his reasonable accommodations be honored and/or a

reasonable accommodation be provided in the form of a different assignment, due to his work injury and the related restrictions placed upon him, and also due to the limitations upon him from his hearing condition. Defendant unreasonably denied the request and otherwise failed to engage in the interactive process, and on February 19, 2018, wrongfully terminated Plaintiff's employment.

17. Plaintiff has been forced to retain the undersigned counsel to prosecute these claims and protect his rights and is obligated to pay counsel's reasonable attorneys' fees and costs.

**COUNT I - Disability Discrimination Under The FCRA**

18. Plaintiff re-alleges and incorporates Paragraphs 1 through 17 of the Complaint as if set forth in full herein.

19. Plaintiff's disabilities and handicaps were the determining factor in the adverse employment actions Defendant perpetrated against Plaintiff as described above.

20. Defendant discriminated against Plaintiff on the basis of his disability and/or his handicap, by failing to engage in the interactive process, by violating his reasonable accommodations, by failing to make reasonable accommodations, by assigning Plaintiff work in violation of the FCRA, by creating a hostile work environment, and by terminating Plaintiff due to his disabilities and handicaps.

21. Defendant knowingly and willfully discriminated against and otherwise caused a hostile working environment for Plaintiff on the basis of his disabilities and handicaps by violating his reasonable accommodations, by failing to make reasonable accommodations, by assigning Plaintiff work in violation of the FCRA, by creating a

hostile work environment, and by terminating Plaintiff due to his disabilities and handicaps.

22. As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to, lost wages, benefits and other economic losses, and emotional distress, for which he should be compensated.

23. The conduct of Defendant complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant, for which Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which he may be entitled, including, but not limited to:

(a) Entry of a judgment in favor of Plaintiff and against Defendant;

(b) Back pay;

(c) Reinstatement, or in the alternative, front pay;

(d) Compensatory damages;

(e) Punitive damages;

(f) Attorneys' fees and costs;

(g) Pre-Judgment and Post-Judgment interest, as provided by law; and

(h) Such other and further relief as the Court deems just and proper.

COUNT II - Retaliation Under The FCRA

24. Plaintiff re-alleges and incorporates paragraphs 1 through 17 of the Complaint as if set forth fully herein.

25. Plaintiff asserted protected rights under the FCRA and raised objections to Defendant regarding his improper work assignment in violation of Plaintiff's FCRA rights ("Protected Activity").

26. Plaintiff's Protected Activity was a determining factor in the retaliatory acts Defendant perpetrated against Plaintiff as described above.

27. Defendant retaliated against Plaintiff for his Protected Activity based on his disabilities and handicaps in violation of the FCRA.

28. Defendant knowingly and willfully retaliated against Plaintiff for his Protected Activity by terminating Plaintiff's employment.

29. As a direct, natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to, lost wages, benefits and other economic losses, and emotional distress, for which he should be compensated.

30. The conduct of Defendant complained of herein was willful, wanton, malicious, oppressive, and/or unmindful of obligations to Plaintiff and/or exhibited that entire want of care, which would rise to the presumption of conscious indifference to the consequences so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter Defendant, for which Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages to which he may be entitled, including, but not limited to:

(a) Entry of a judgment in favor of Plaintiff and against Defendant;

(b) Back pay;

(c) Reinstatement, or in the alternative, front pay;

(d) Compensatory damages;

(e) Punitive damages;

(f) Attorneys' fees and costs;

(g) Pre-Judgment and Post-Judgment interest, as provided by law; and

(h) Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

**WELDON & ROTHMAN, PL**
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
Primary E-Mail: BRothman@weldonrothman.com
Secondary E-Mail: LShell@weldonrothman.com

By: ______________________
Bradley P. Rothman, Esq.
Florida Bar No.: 0677345
*Counsel for Plaintiff*